Michael Wayne WILLIAMS, Petitioner,

v.

J.D. NETHERLAND, Warden, Respondent.

No. CIV.A. 3:96CV529.

United States District Court, E.D. Virginia, Richmond Division.

June 3, 1998.

Theodore Floyd Adams, III, Christian, Barton, Epps, Brent & Chappell, James Edward Moore, Christian, Barton, Epps, Brent & Chappell, Mark Evan Olive, VA Capital Representation Resource Center, Inc., Barbara L. Hartung, Richmond, VA, for Michael Wayne Williams.

Donald Richard Curry, Office of the Attorney General, Richmond, VA, for J.D. Netherland.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. For the reasons which follow, the Court concludes that Petitioner Michael Wayne Williams ("Williams") is not entitled to an evidentiary hearing on Claims I(A), IV(A)(1), and IV(A)(5). Accordingly, the Court will VACATE its Order granting Williams an evidentiary hearing on these claims, and DISMISS Williams' federal habeas petition in its entirety.

### I.

On April 13, 1998, this Court dismissed the majority of Williams' federal habeas claims, but granted an evidentiary hearing on Claims I(A), IV(A)(1), and IV(A)(5). Respondent J.D. Netherland, Warden of Mecklenberg Prison ("Respondent"), subsequently moved for summary judgment, arguing that this Court misapplied applicable federal law. The Court heard argument on the motion

and took the matter under advisement. Respondent then moved the Court for a stay of its Order requiring the evidentiary hearing, pending resolution by the Fourth Circuit of an Application For Emergency Stay and a Petition For A Writ Of Mandamus And Prohibition which Respondent filed the next day. On May 27, 1998, the Fourth Circuit granted Respondent's Application For An Emergency Stay and remanded the matter for further proceedings.[1]

### II.

#### A. *Applicability of 42 U.S.C. § 2254(e)(2)*

In remanding the matter, the Fourth Circuit directed this Court to apply the requirements of 28 U.S.C. § 2254(e)(2) in evaluating whether Williams is entitled to an evidentiary hearing on his claims. *See* CA4 Stay Order (May 27, 1998) at 2. A section 2254 petition is ordinarily limited to the factual record developed in state court proceedings, as the amended section 2254(e)(2) limits a petitioner's ability to present evidence in a federal habeas proceeding that was not considered by the state court.

Specifically, section 2254(e)(2), as amended, provides that a petitioner may not present evidence in a federal habeas proceeding that was not considered by the state court if the petitioner "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). In addition, a petitioner is only entitled to an evidentiary hearing if:

(A) the claim relies on—
    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder

---

1. The Fourth Circuit withheld ruling on Respondent's Petition For A Writ Of Mandamus And Prohibition until this Court reevaluated Williams'

entitlement to an evidentiary hearing under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

■] While the Fourth Circuit has not yet addressed the applicability or meaning of section 2254(e)(2), Judge Ellis has carefully considered the proper interpretation of this section and concluded the following:

> [A]n applicant "fails" when he does not take or seek the opportunity to develop evidence in a state court proceeding. This is where (e)(2) applies. And this is where (e)(2)(A) may forgive the failure if new facts or a retroactive change in constitutional law form the basis of a claim. In contrast, an applicant does not "fail" where he seeks, but is denied, the opportunity to develop facts in state court. In this event, the rigorous standard of § 2254(e)(2) will not apply.

*Cardwell v. Netherland,* 971 F.Supp. 997, 1011 (E.D.Va.1997). Thus, a petitioner's "failure" to develop the factual basis of a claim in state court proceedings must be attributable to some sort of fault on the part of the petitioner—i.e. something the petitioner did or omitted to do.

Other district and circuit courts have reached similar conclusions. *See, e.g., Jones v. Wood,* 114 F.3d 1002, 1013 (9th Cir.1997) ("Where, as here, the state courts simply fail to conduct an evidentiary hearing, the AEDPA does not preclude a federal evidentiary hearing on otherwise exhausted habeas claims."); *Burris v. Parke,* 116 F.3d 256, 258–59 (7th Cir.1997) ("To be attributable to a 'failure' under federal law the deficiency in the record must reflect something the petitioner did or omitted."); *Hunter v. Vasquez,* 1996 WL 612484, *6 (N.D.Cal.1996) (holding that where the state court denies petitioner's requests for discovery, investigatory funds, and a hearing, "the Court cannot find that Petitioner failed adequately to develop the facts of his claims in state court.").

Moreover, the United States Supreme Court's recent decision in *Breard v. Greene,* —— U.S. ——, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1988), does not compel a different conclusion. In *Breard,* the Supreme Court simply reiterated what the plain language of section 2254(e)(2) and the previously cited cases reveal—that the limitation on evidentiary hearings in federal habeas proceedings applies only when the *petitioner* fails to develop the factual basis of a claim in state court proceedings. *See id.* 118 S.Ct. at 1353. Contrary to Respondent's tortured interpretation of the relevant language, the Supreme Court did not hold that the word "fail" in section 2254(e)(2) be given a strict liability reading. As the Seventh Circuit has noted, if such was the case, "then a state could insulate its decisions from collateral attack in federal court by refusing to grant evidentiary hearings in its own courts. Nothing in sec. 2254(e) or the rest of the AEDPA implies that states may manipulate things in this manner." *Burris v. Parke,* 116 F.3d 256, 258–59 (7th Cir.1997).

Thus, the plain meaning of section 2254(e)(2) prohibits a federal evidentiary hearing only in those cases where a petitioner has been afforded an opportunity to develop evidence in state habeas court, but has failed to do so. *See* 28 U.S.C. § 2254(e)(2); *Cardwell v. Netherland,* 971 F.Supp. 997, 1011 (E.D.Va.1997). Only under such circumstances is this Court precluded from considering new facts presented for the first time in federal habeas proceedings or granting an evidentiary hearing for the consideration of same.

In Petitioner's case, it is clear that he did not "fail[ ] to develop" the factual basis of his claims. The record is replete with examples of state habeas counsel's numerous attempts to obtain the evidence required to discover, present, and prove Williams' claims—including informal attempts to resolve discovery matters between counsel which were repeatedly rebuffed. The state courts further denied Williams the opportunity to develop the necessary facts by denying all of Williams' requests for discovery, expert assistance, and investigative funds, and by refusing to hold any hearing to take evidence outside of the trial record. Under such circumstances, the Court is hard-pressed to find that Williams "failed to develop the factual basis of a claim in State Court proceedings," thereby triggering application of section 2254(e)(2).

Despite its concerns over the applicability of section 2254(e)(2) to cases such as the present one, however, this Court has been directed by its Court of Appeals to apply section 2254(e)(2) to Williams' case. Under that stringent standard, which is now the law of this case, the Court concludes that Williams is not entitled to an evidentiary hearing on Claims I(A), IV(A)(1), and IV(A)(5).

### B. *Analysis*

As discussed above, unless Williams can satisfy both subsection (A) and subsection (B) of 28 U.S.C. § 2254(e)(2), this Court must deny him an evidentiary hearing on Claims I(A), IV(A)(1), and IV(A)(5). Based on the present record, the Court agrees with Respondent's argument that "regardless of whether petitioner can satisfy § 2254(e)(2)(A), he cannot possibly satisfy the stringent requirements of § 2254(e)(2)(B)." Resp't Resp. to CA4 Stay Order at 4.

■■ Subsection (B) of 28 U.S.C. § 2254(e)(2) requires a showing by "clear and convincing evidence that but for [the alleged] constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). In the instant case, Williams was convicted of capital murder on evidence, including his own testimony, which demonstrated that he was a participant in the armed robbery of Mr. and Mrs. Keller, that he was at minimum an accomplice in the rape of Mrs. Keller, and that he fired the first shot into Mr. Keller's head. According to the medical evidence presented at trial, any of the three gunshot wounds to Mr. Keller's head could have been potentially lethal and all three definitely contributed to his death. *See* Tr. 1–4–94 at 252–56, 262–64. Based on this evidence alone, Williams cannot demonstrate by "clear and convincing evidence" that no reasonable juror would have found him guilty of the capital murder of Mr. Keller.

Moreover, there is no "but for" nexus between Claims I(A), IV(A)(1), or IV(A)(5) and the "innocence" requirement of subsection (B). As noted by Respondent, Claims I(A) and IV(A)(5) which involve a juror's allegedly untruthful answers during voir dire do not have any bearing on the evidence presented at trial of Williams' guilt in the shooting death of Mr. Keller. Furthermore, even assuming *arguendo* that some sort of informal understanding did exist between Williams' co-defendant, Cruse, and the Commonwealth prior to Cruse's testimony at Williams' trial [Claim IV(A)(1) ], Williams' own testimony established that he shot Mr. Keller during the commission of a robbery and subsequent to the rape of Mrs. Keller and that therefore, he is guilty of capital murder. Thus, even if the jury chose to believe Williams' version of the shootings over Cruse's testimony, Williams himself admitted under oath to firing the first shot into Mr. Keller's head—a shot which the medical examiner testified as being potentially lethal.

In light of the foregoing, the Court finds that Williams cannot make the requisite showing of "innocence" under 28 U.S.C. § 2254(e)(2) and thus, he is not entitled to an evidentiary hearing on his remaining claims. Accordingly, the Court will VACATE its Order granting an evidentiary hearing on Claims I(A), IV(A)(1), and IV(A)(5), and DISMISS Williams' federal habeas petition in its entirety.