Giordano v. Cunningham          CV-97-154-M    07/15/98
                UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE


Vincent Giordano,
      Plaintiff

      v.                                  Civil No. 97-154-M

Michael J. Cunningham, Warden,
      Defendant


                        **O R D E R**

      Petitioner, Vincent Giordano, moves for an evidentiary

hearing in his habeas corpus action pursuant to 28 U.S.C.A.

§ 2254.  Giordano argues that his appointed defense counsel and

the prosecutor conspired to allow introduction of evidence and a

stipulation at his criminal trial, related to foreign currency

found in his possession at the time of a burglary (for which he

was convicted).  He contends that use of the evidence pertaining

to the foreign currency prejudiced his defense in violation of

his due process right to a fair trial.  The state objects on

grounds that Giordano is not entitled to an evidentiary hearing

under 28 U.S.C.A. § 2254(e)(2).  For the reasons that follow,

Giordano's motion is denied.

      The habeas corpus statute, as amended effective April 24,

1996, affords great deference to state court factual findings and

limits the availability of an evidentiary hearing when a habeas

petitioner has failed to sufficiently develop the factual basis

of an issue in state court.  28 U.S.C.A. § 2254(e).  Giordano's

motion does not clearly state what facts material to the issues

in his habeas petition are disputed or need to be developed

through an evidentiary hearing.  Assuming that the facts he hopes to develop at a hearing were not sufficiently developed during the state court proceedings because the defense did not attempt to do so,[1] which seems to be the case, he must overcome stringent requirements to warrant an evidentiary hearing:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2254(e)(2).

Giordano seems to want an evidentiary hearing to establish that the foreign currency taken from him after the burglary, but returned to him, by court order, before trial, was not stolen property.  He acknowledges that his trial counsel and the prosecutor submitted an agreed statement to the jury declaring that the property had been stolen by him.  He also asserts that no evidentiary hearing was ever held (and apparently none was

---

[1]  Section 2254(e)(2) provides the rule at least when state court factual findings are lacking and when the deficiency is due to the fault of the petitioner rather than the state court's refusal to grant an evidentiary hearing.  See, e.g., Otsuki v. Dubois, 994 F. Supp. 47, 49-50 (D. Mass. 1998); Williams v. Netherland, No. CIV.A. 3:96CV529, 1998 WL 300570 (E.D. Va. 1998).

ever requested) on the question of ownership. Instead, it seems, the state court held a hearing on Giordano's pro se motion for return of the property, but when the prosecutor was unprepared and unable to explain whether the property should be retained as evidence in the criminal case against Giordano, or for any other reason, the court gave the state several days to show cause why it should not return the property. While the prosecutor and Giordano's counsel negotiated about the property, time ran out, and the court accordingly ordered the property returned to Giordano. Defense counsel and the prosecutor later agreed to allow the referenced statement about the property to be read to the jury.

New counsel was appointed to represent Giordano during post-conviction proceedings. The new counsel filed motions to set aside the verdict and to dismiss the charges against Giordano. Defense counsel argued, in part, that evidence about the foreign currency was erroneously admitted at trial and that the resulting prejudice to Giordano affected the verdict. It does not appear that defense counsel ever requested an evidentiary hearing on the post-conviction motions.

Giordano's theory seems to be that if he could now prove that the foreign currency was not stolen, he could show that it was improper for his counsel and the prosecutor to agree that it was, and that that evidence was highly prejudicial to his defense. The problem Giordano encounters at this stage is part B of section 2254(e)(2). Even if he could now show that the

3

foreign currency was not stolen, he does not dispute the other evidence against him, including other money and burglary tools found in his pockets when he was arrested, his presence in the burglarized building, and his implausible story that he was given permission to enter the building.[2]  Thus, even if defense counsel erred in stipulating that Giordano stole the foreign currency, along with other undisputedly stolen items, and if Giordano could show that those facts could not have been previously discovered, he still would not be able to show that but for ineffective assistance of counsel or prosecutorial misconduct related to evidence of his possession of the foreign currency, no reasonable jury would have convicted him.  See 28 U.S.C.A. § 2254(e)(2)(B).

Thus, Giordano has not met the requirements of section 2254(e)(2) for an evidentiary

## Conclusion

For the foregoing reasons, plaintiff's motion for an evidentiary hearing (document no. 76) is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

July 15, 1998

_____

[2]  In addition, Giordano offers no reasonable factual support for his claim that the foreign currency was not stolen.

4

cc:   Vincent Giordano
      Ann M. Rice, Esq.